# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD CHRISTIANSON,**

      Plaintiff,

 -vs-                    **Case No. 06-C-886**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      Defendant.

# DECISION AND ORDER

  Richard Christianson ("Christianson") seeks judicial review of the Social Security Commissioner's decision denying his application for Disability Insurance Benefits ("DIB"). After a hearing, Administrative Law Judge Robert Bartelt found that Christianson did not have a severe impairment as defined by the pertinent regulations. For the reasons that follow, Christianson's appeal is denied and the Commissioner's final determination is affirmed.

  Under 42 U.S.C. § 405(g), judicial review of the Commissioner's final determination is limited, and findings of fact are conclusive if supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

  The ALJ denied Christianson's application at step two of the five-step sequential evaluation. At step two, the claimant is not disabled if his impairment or impairments do not significantly limit his physical or mental ability to do basic work activities for any period of at least twelve continuous months since the alleged disability onset date. *See* 20 C.F.R.

§ 404.1520(a)(4)(ii), (c). Basic work activities include the abilities and aptitudes to do most jobs, such as understanding, carrying out, and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1521(b). The ALJ found that Christianson "has not demonstrated, by the requisite objective medical evidence, that he has suffered from an impairment or combination of impairments that can be considered 'severe' under the existing law." Tr. 23.

Christianson's primary diagnosed conditions are fibromyalgia and osteoarthritis. Plaintiff was first diagnosed with fibromyalgia in 1990 but dealt with it since 1983. However, plaintiff did not retire from his job as a database security administrator until December 1995 and even stayed on a few months thereafter to train his replacements. Tr. 250-51. The record reflects that there had been no change in Christianson's symptoms during that time period. Tr. 23. Subsequently, there is evidence which supports the finding that Christianson's condition was not significantly limiting. Tr. 97, 109, 131. Christianson referred to his condition as "progressive," but the evidence suggests that his fibromyalgia was not totally disabling. Tr. 23; *see Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not and the question is whether [claimant] is one of the minority"). Therefore, the ALJ's determination is supported by substantial evidence in the record.

Christianson asserts that more weight should be given to that of Dr. Matthews, a treating physician who indicated in an RFC Questionnaire that Christianson's impairment was severe.

Tr. 23, 214-17. The ALJ discussed this piece of evidence but appears to have misconstrued Dr. Matthews' conclusion regarding Christianson's ability to work. *Id.* Nonetheless, while a treating physician's opinion is entitled to some deference, it need not be adopted if it is inconsistent with other substantial evidence in the record. "Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 404.1527(d)(4). Accordingly, the Court will not remand the case for further proceedings because the ALJ's determination was supported by substantial evidence.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Christianson's appeal is **DENIED**;

2. The Commissioner's final determination that Christianson is not entitled to DIB is **AFFIRMED**; and

3. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2007.

        **SO ORDERED,**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**